IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INS. COMPANY a/s/o Jimmy and Brenda Allen,<br><br>Plaintiff,<br><br>v.<br><br>TITEFLEX CORPORATION and THOMAS OIL COMPANY,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO: 2:13-CV-000108-RWS |

## ANSWER OF DEFENDANT TITEFLEX CORPORATION

TITEFLEX CORPORATION ("Titeflex") answers COUNTRY MUTUAL INS. COMPANY a/s/o JIMMY AND BRENDA ALLEN ("Plaintiff's") Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint For Damages fails to state a claim upon which relief can be granted with the result that Plaintiff is not entitled to recover in this cause.

### SECOND DEFENSE

Separate unforeseeable, superseding and intervening acts on the part of persons or entities other than Titeflex were the sole proximate cause of Plaintiff's alleged injuries and damages, if any, and on account thereof, the Plaintiff is not

entitled to recover from Titeflex.

### THIRD DEFENSE

Plaintiff's Complaint For Damages fails to join indispensable and necessary parties.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### FIFTH DEFENSE

Plaintiff's claims may be barred by laches, waiver, estoppel, and/or res judicata.

### SIXTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused, produced, and/or brought about by reason of the acts or omissions of persons or entities other than Titeflex, for which Titeflex is not liable.

### SEVENTH DEFENSE

Plaintiff's alleged damages, if any, are not the proximate result of any alleged act or failure to act of Titeflex, and on account thereof, the Plaintiff's claims against Titeflex are barred.

## EIGHTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of comparative and contributory negligence.

## NINTH DEFENSE

While denying that it was negligent, Titeflex shows that if a jury were to conclude that it was negligent, then to the extent Jimmy and Brenda Allen, by the exercise of ordinary care, could have avoided the consequences of Titeflex's alleged negligence, the Plaintiff is not entitled to recover from Titeflex.

## TENTH DEFENSE

Plaintiff's claims for damages were caused by its own acts or by its own failures to act, and on account thereof, the Plaintiff is not entitled to recover from Titeflex.

## ELEVENTH DEFENSE

Titeflex asserts the defenses of product abuse, product misuse and/or product modification and alteration, and on account thereof, Plaintiff is not entitled to recover from Titeflex.

## TWELFTH DEFENSE

Any products or components allegedly designed or manufactured by Titeflex, which are in question, were not defective in any respect, and on account thereof, Plaintiff is not entitled to recover from Titeflex.

## THIRTEENTH DEFENSE

The subject products or components allegedly designed and manufactured by Titeflex were state of the art on the dates of design and manufacture, and on account thereof, Plaintiff is not entitled to recover against Titeflex.

## FOURTEENTH DEFENSE

Titeflex did not install the gas piping system or its component parts in the Allens' home. If any negligence occurred or defect existed in connection with the flexible gas delivery system, such alleged defect or negligence was the result of the improper installation of the flexible gas delivery system and/or its component parts for which Titeflex is not liable.

## FIFTEENTH DEFENSE

The proximate cause, or alternatively, the sole proximate cause, of the incident in question was an Act of God or an unavoidable accident.

## SIXTEENTH DEFENSE

If Plaintiff suffered any damages, the risk of any such damages was not foreseeable by Titeflex and Titeflex, at all times material hereto, acted in accordance with the state of scientific knowledge available to designers and manufacturers of the products and components at issue.

## SEVENTEENTH DEFENSE

Venue may be improper as to Titeflex.

## EIGHTEENTH DEFENSE

This Court may lack personal jurisdiction over Titeflex.

## NINETEENTH DEFENSE

This Court may lack subject matter jurisdiction over the claims in Plaintiff's Complaint For Damages.

## TWENTIETH DEFENSE

Some or all of the claims in Plaintiff's Complaint For Damages have been presented for an improper purpose, are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and lack evidentiary support.

### TWENTY-FIRST DEFENSE

Plaintiff lacks standing to sue because a plaintiff in federal court must assert its own legal rights and interests, and cannot rest its claim to relief on the legal rights or interests of third parties.

### TWENTY-SECOND DEFENSE

Plaintiff lacks standing to bring a strict liability claim because it is not a natural person.

### TWENTY-THIRD DEFENSE

Titeflex reserves the right to amend these affirmative defenses and answer as permitted under the law or by the Court.

### TWENTY-THIRD DEFENSE

Titeflex responds to the individually numbered paragraphs contained in Plaintiff's Complaint For Damages, as follows:

1.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 1 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

2.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 2 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

3.

Titeflex admits that it is a Connecticut corporation, however it denies that is principal place of business is located at 603 Hendee Street, Springfield, MA. Titeflex admits that at all relevant times, Titeflex designed and manufactured corrugated stainless steel tubing ("CSST") as a flexible gas delivery system. Titeflex admits it can be served with summons through its registered agent CT Corporation System, One Corporate Center, Hartford, CT  06103-3220.  Titeflex denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint For Damages.

4.

Paragraph 4 of Plaintiff's Complaint For Damages merely states Plaintiff's legal theories regarding jurisdiction and does not require a response from Titeflex. To the extent that any further response is required, Titeflex admits that this Court generally has jurisdiction over Plaintiff's claims, except Titeflex denies that it is

liable to Plaintiff in any respect. Titeflex denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages.

5.

Paragraph 5 of Plaintiff's Complaint For Damages merely states Plaintiff's legal theories regarding venue and does not require a response from Titeflex. To the extent that any further response is required, Titeflex admits that venue in the Northern District of Georgia is proper except to the extent that Plaintiff purports to state claims that any alleged acts and/or omissions of Titeflex caused or contributed to Plaintiff's alleged damages. Titeflex denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages.

6.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 6 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

7.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 7 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

8.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 8 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

9.

Titeflex admits the allegations in Paragraph 9 of Plaintiff's Complaint For Damages.

10.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 10 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

11.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 11 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

12.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 12 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

13.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 13 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

14.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 14 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

15.

Titeflex is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 15 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

16.

Titeflex denies the allegations in Paragraph 16 of Plaintiff's Complaint For Damages to the extent they purport to state claims against Titeflex. To the extent Paragraph 16 purports to state claims against a party other than Titeflex, no response is required of Titeflex.

17.

Titeflex denies the allegations of Paragraph 17 to the extent they purport to state a claim for damages against Titeflex. Titeflex is without sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 17 of Plaintiff's Complaint For Damages; therefore, these allegations are denied.

18.

Responding to the allegations contained in Paragraph 18 of Plaintiff's Complaint For Damages, Titeflex reasserts and incorporates by reference, as though fully set forth herein verbatim, its defenses and responses to Paragraphs 1 through 17 of Plaintiff's Complaint For Damages.

19.

Titeflex denies the allegations in Paragraph 19 of Plaintiff's Complaint For Damages.

20.

Titeflex denies the allegations in Paragraph 20 of Plaintiff's Complaint For Damages.

21.

Titeflex denies the allegations in Paragraph 21 of Plaintiff's Complaint For Damages.

22.

Titeflex denies the allegations in Paragraph 22 including subparagraphs 22(a) through and including 22(f) of Plaintiff's Complaint For Damages.

23.

Titeflex denies the allegations in Paragraph 23 of Plaintiff's Complaint For Damages and denies the subsequent unnumbered WHEREFORE Paragraph of Plaintiff's Complaint For Damages.

24.

Responding to the allegations contained in Paragraph 24 of Plaintiff's Complaint For Damages, Titeflex reasserts and incorporates by reference, as though fully set forth herein verbatim, its defenses and responses to Paragraphs 1 through 23 of Plaintiff's Complaint For Damages.

25.

Paragraph 25, including subparagraphs 25(a) through and including 25(i), purports to state claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the

allegations in Paragraphs 25, including subparagraphs 25(a) through and including Paragraph 25(i). Titeflex denies the allegations in the subsequent unnumbered WHEREFORE Paragraph of Plaintiff's Complaint For Damages, to the extent they purport to state claims against Titeflex.

26.

Responding to the allegations contained in Paragraph 26 of Plaintiff's Complaint For Damages, Titeflex reasserts and incorporates by reference, as though fully set forth herein verbatim, its defenses and responses to Paragraphs 1 through 25 of Plaintiff's Complaint For Damages.

27.

Paragraph 27 states claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the allegations in Paragraph 27 to the extent they purport to state claims against Titeflex.

28.

Paragraph 28 states claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the allegations in Paragraph 28, including the subsequent unnumbered

WHEREFORE Paragraph of Plaintiff's Complaint For Damages, to the extent they purport to state claims against Titeflex.

29.

Responding to the allegations contained in Paragraph 29 of Plaintiff's Complaint For Damages, Titeflex reasserts and incorporates by reference, as though fully set forth herein verbatim, its defenses and responses to Paragraphs 1 through 28 of Plaintiff's Complaint For Damages.

30.

Paragraph 30 states claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the allegations in Paragraph 30 to the extent they purport to state claims against Titeflex.

31.

Paragraph 31 states claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the allegations in Paragraph 31 to the extent they purport to state claims against Titeflex.

32.

Paragraph 32 states claims against a party other than Titeflex; therefore, no response is required of Titeflex. To the extent further response is required, Titeflex denies the allegations in Paragraph 32, including the subsequent unnumbered WHEREFORE Paragraph of Plaintiff's Complaint For Damages, to the extent they purport to state claims against Titeflex.

33.

Titeflex denies any allegation contained in Plaintiff's Complaint For Damages not previously admitted or denied above. Titeflex further denies that Plaintiff is entitled to any of the relief sought in its Complaint For Damages.

## **DEMAND FOR JURY TRIAL**

Titeflex demands trial by jury on issues so triable.

WHEREFORE, PREMISES CONSIDERED, Titeflex requests this Court to dismiss this case with prejudice, enter judgment against Plaintiff in Titeflex's favor as to all issues and matters set forth in the Complaint For Damages, and respectfully requests this Court to award Titeflex its taxable fees and costs and other relief as are appropriate, just and proper under the circumstances.

Dated this 14th day of June, 2013.

        **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

        /s/ Philippa V. Ellis
        Philippa V. Ellis
        Georgia Bar No. 711715
        Adam P. Ford
        Georgia Bar No. 355079
        1180 Peachtree Street, N.E., Suite 3000
        Atlanta, Georgia 30309-3574
        Telephone: (404) 688-2600
        Facsimile: (404) 525-4347
        Email: ellis@og-law.com
        Email:  aford@og-law.com

        ATTORNEYS FOR TITEFLEX

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| **COUNTRY MUTUAL INS. COMPANY a/s/o Jimmy and Brenda Allen,**<br><br>    Plaintiff,<br><br>v.<br><br>**TITEFLEX CORPORATION and THOMAS OIL COMPANY,**<br><br>    Defendants. | **CIVIL ACTION FILE**<br><br>**NO: 2:13-CV-000108-RWS** |

### RULE 7.1 CERTIFICATION

By her signature below, and as required by N. D. Ga. R. 7.1, counsel for Defendant TITEFLEX CORPORATION, certifies that the foregoing pleading has been prepared with Times New Roman font, size 14.

/s/ Philippa V. Ellis

Philippa V. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2013, I electronically filed: **ANSWER OF DEFENDANT TITEFLEX CORPORATION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: *Karen Fultz*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: *Thomas Oil Co. c/o its registered agent, Bobby E. Thomas, Sr., 209 South Main Street, Ellijay, GA 30540.*

This 14th day of June, 2013.

                                                **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

                                                /s/ Philippa V. Ellis
Philippa V. Ellis
Georgia Bar No. 711715
Adam P. Ford
Georgia Bar No. 355079
1180 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30309-3574
Telephone: (404) 688-2600
Facsimile: (404) 525-4347
Email: ellis@og-law.com
Email: aford@og-law.com