IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COUNTRY MUTUAL. INS. COMPANY, )<br>a/s/o Jimmy and Brenda Allen, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>TITEFLEX CORPORATION, and )<br>THOMAS OIL COMPANY, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, by and through its counsel files this Amended Complaint against Defendants and states as follows:

## THE PARTIES

1.  Plaintiff, Country Mutual Insurance Company (hereinafter referred to as "Country"), is a corporation organized and exiting under the laws of the State of Illinois with its principal place of business at 1711 GE Road, Bloomington IL 61701.

2.  Defendant, Thomas Oil Co. ("Thomas Oil"), is a Georgia corporation, with a principal place of business located at 209 S. Main Street, Ellijay, Georgia

30540.  Thomas Oil Co. can be served through its registered agent, Bobby E. Thomas, Sr. at 209 South Main Street, Ellijay, Georgia  30540.

3. Defendant, Titeflex Corporation ("Titeflex") is a Connecticut corporation, with a principal place of business located at 603 Hendee Street, Springfield, MA.  At all relevant times, Titeflex was engaged in the business of designing, manufacturing, distributing, and selling corrugated stainless steel tubing ("CSST") under the product name "Gastite" used for the distribution of natural gas in residential properties.  Defendant can be served through its registered agent CT Corporation System at One Corporate Center, Hartford, CT  06103-3220.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332, as the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that formulate the plaintiff's cause of action took place in this jurisdiction.

# **FACTS**

6.At all times pertinent to this civil action, Country insured real and personal property belonging to Jimmy and Brenda Allen (the "Allens") located at 65 Eagle Drive, Ellijay, Georgia 30540.

7.The Allens' residence ("the Subject Home") was constructed in 2007 and they moved into the subject home in March 2008.

8.In June 2009, Mr. Allen hired Defendant Thomas Oil to install a propane tank to service his gas appliances in the residence. Defendant Thomas Oil installed a natural gas distribution system which utilized corrugated stainless steel tubing ("CSST") to transport natural gas to appliances.

9.The CSST installed in the Subject Residence was manufactured by defendant Titeflex Corporation.

10.Defendant Thomas Oil was retained by Plaintiff's insured for the purpose of installing gas distribution systems in the Subject Property including, but not limited to, bonding and grounding the electrical and plumbing systems for the gas distribution piping in the Subject Property.

11.Defendant Titeflex's CSST was used by Defendant Thomas Oil in the installation of the propane tank for the Subject Property.

12. On August 21, 2009, the Subject Property and personal property was severely damaged by a fire that occurred when a nearby lightning strike occurred, creating holes in the Titeflex CSST gas line, allowing gas to escape and ignite.

13. During the August 21, 2009 thunderstorm, lightning hit at or near the Subject Home.  The energy from the lightning strike, in attempting to travel to ground, migrated to the CSST which perforated, releasing natural gas.  The heat from the melting event simultaneously ignited the escaping gas, causing a fire which substantially damaged the Subject Home and the Plaintiffs' personal property.

14. The gas system, including the Titeflex CSST at the Subject Property, was not properly bonded, or grounded to the plumbing and electrical systems, in violation of the installation instructions provided by the manufacturer, applicable codes, standards and practices, and this deficiency caused the fire which occurred on August 21, 2009  (the "Subject Fire").

15. Upon information and belief, even if the installation instructions provided by Defendant Titeflex, applicable codes, standards and practices were followed by Defendant Thomas Oil, the CSST would still have been susceptible to perforation by lightning strike because its design is dangerously defective.

16. The Allen family made a claim to Country for the damages they sustained as a result of the fire on August 21, 2009, which claims were indemnified by Country according to the terms of the insurance contract issued to Jimmy and Brenda Allen.

17. Under principles of equitable and contractual subrogation, Plaintiff is entitled to bring this action against the Defendants in its own respective rights and is entitled to assert all legal, contractual and/or equitable claims against the Defendants that could be asserted by its respective insured.

18. Plaintiff sustained substantial damages in excess of $75,000.00.

## COUNT I – NEGLIGENCE AS TO TITEFLEX

19. Plaintiff restates and realleges Paragraphs 1 through 14, above.

20. At all relevant times, Defendant Titeflex owed the Allens a duty to use reasonable care in the development, production and marketing of the CSST product that was used in the Subject Home.

21. Defendant Titeflex breached its aforesaid duty to the Allens in one or more of the following ways:

    (a) Failing to adequately develop the CSST product with strong enough exterior skins and coatings so that it was able to tolerate normal and expected conditions in the field where it was placed;

(b) Failed to properly inspect and test the design and construction of its product before distributing the product to the public;

(c) Carelessly and negligently advertised its product as a suitable replacement for black pipe when, in fact, it was not because it could not tolerate normal and expected conditions in the field where it was placed in comparison to the product it was marketed to replace;

(d) Failed to warn the Allens and installers of its product of the substantial risk of fire or similar peril presented by the normal use of its product;

(e) Failed to provide the Allens with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

(f) Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to the Allens' real and personal property;

(g) Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and

(h) Otherwise failing to use due care under the circumstances.

22. As a direct and proximate result of the aforesaid negligent, careless and/or reckless acts and/or omissions, the Allens sustained damage to his real and personal property in an amount in excess of $75,000.00 exclusive of interest and costs, for which Defendant Titeflex is legally liable.

WHEREFORE, Country Mutual, as subrogee of Jimmy and Brenda Allen, respectfully requests that this Court enter judgment in its favor and against Defendant Titeflex for damages, together with pre-judgment interest, and the costs of this action.

### COUNT II – NEGLIGENCE – THOMAS OIL

23. Plaintiff restates and realleges Paragraph 1 through 14, above.

24. The damage to the Subject Property as set forth herein was caused by the negligence, carelessness and/or negligent omissions of Defendant Thomas Oil, and its agents, servants, and employees acting within the scope of their employment, including but not limited to, negligence in:

- (a) failing to properly and adequately train and supervise its employees, agents and/or servants with regard to the proper methods to be utilized for the installation of electrical bonding and grounding equipment;

- (b) failing to properly coordinate the work of its agents, workman, servants, and subcontractors;

- (c) failing to properly define the tasks and responsibilities of its agents, workmen, servants, and subcontractors;

- (d) failing to inspect the design and installation work of its agents, workman, servants, and subcontractors;

- (e) failing to properly design and install the gas distribution system with the proper use of bonding and grounding equipment;

(f) failing to design and install the gas distribution system in compliance with the manufacturer's instructions, applicable building codes, standards, and practices;

(g) failing to provide the Subject Property with a functioning system to prevent damage from electrical storms and lightning;

(h) failing to provide post-construction warnings and instructions to the Allen family with respect to the potential for fires within the Subject Property as a result of deficiencies in the CSST gas piping, after having notice and knowledge of these potential problems because of similar occurrences; and

(i) otherwise failing to use due care under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendant, Thomas Oil, for damages, together with prejudgment interest and the costs of this action.

## COUNT III – THOMAS OIL– BREACH OF CONTRACT

25. Plaintiff restates and realleges Paragraphs 1 through 14, above.

26. Defendant Thomas Oil breached its contract with the Allen family to design and construct a gas distribution system that was properly designed and constructed in a good and workmanlike manner, in accordance with the manufacturer's instructions, all applicable codes, laws, rules, regulations, ordinances, standards and practices.

27. The defendant's breach of contract was the legal cause of the damages sustained by the Allen family to the Subject Property.

WHEREFORE, Plaintiff demands judgment against Defendant, Thomas Oil's, for damages, together with prejudgment interest and the costs of this action.

## **COUNT IV – THOMAS OIL– BREACH OF WARRANTY**

28. Plaintiff restates and realleges Paragraphs 1 through 14, above.

29. Defendant Thomas Oil breached its warranty to the Allen family by failing to properly install a gas distribution system in accordance with applicable codes, standards and practices, which resulted in the Subject Fire.

30. The defendant's breach of warranty was the legal cause of the damages sustained by the Allen family at the Subject Property.

31. As a direct and proximate result of the breach of warranty and default by Defendant, Plaintiff has been damaged in an amount in excess of $75,000.

WHEREFORE, having fully set forth its claims for relief, Plaintiff respectfully pray:

A. that summons and process issue to compel Defendants to appear and answer this Complaint;

B. that the issues in this Complaint are tried by a jury;

C. that Plaintiff has judgment against Defendants in an amount to be decided by a finder of fact, plus costs and interest as provided by law; and

LEGAL\16837897\1 01371.0001.000/318137.000

D.	any other relief that this Court deems just and proper.


                    /s/ Karen D. Fultz
                    Karen D. Fultz
                    Georgia Bar No. 266973
                    Counsel for Plaintiff

COZEN O'CONNOR
Suite 2200 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308

LEGAL\16837897\1 01371.0001.000/318137.000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INS. CO., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:13-cv-00108-RWS |
| v. | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| TITEFLEX CORPORATION, and | : | |
| THOMAS OIL COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has served a true and correct copy of the foregoing upon opposing counsel, via this Court's electronic filing system as follows: Philippa V. Ellis, Adam P. Ford, Owen, Gleaton, Egan, Jones & Sweeney, LLP, 1180 Peachtree Street, N.E, Suite 3000, Atlanta, GA 30309, and Thomas Martin and Arthur York, Swift, Currie, McGhee & Hiers, 1355 Peachtree Street, NE, Suite 300, Atlanta, GA 30309.

This 28th day of June, 2013.

                                                                                   s/ Karen D. Fultz
                                                                                    Karen D. Fultz