IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL. INS. COMPANY,  ) <br> a/s/o Jimmy and Brenda Allen,  ) <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> ) <br> TITEFLEX CORPORATION, and  ) <br> THOMAS OIL COMPANY,  ) <br> ) <br> Defendants.  ) <br> ) | CIVIL ACTION NO. <br> 2:13-CV-00108-RWS <br><br> **JURY TRIAL DEMANDED** | |

## Joint Preliminary Report and Discovery Plan

Plaintiff Country Mutual Ins. Co.  a/s/o Jimmy and Brenda Allen, ("Country Mutual") and Defendants Titeflex Corporation and Thomas Oil Company hereby submit this Joint Preliminary Report and Discovery Plan.

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

This is a subrogation action in which Plaintiff Country Mutual Insurance Company seeks reimbursement of payments made to its insureds, Jimmy and Brenda Allen, as a result of the fire on August 21, 2009.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

LEGAL\16842857\1

**By the Plaintiff:** During a thunderstorm on August 21, 2009, lightning struck at or near the home of Jimmy and Brenda Allen, insured by Plaintiff Country Mutual Insurance Company. Plaintiff also contends that the lightning strike caused a failure of the corrugated stainless steel tubing ("CSST") gas distribution system installed in the house. Plaintiff contends that the energy from the lightning strike perforated the CSST tubing and ignited the escaping gas, causing substantial damage to the home. Plaintiff alleges that Defendant Titeflex Corporation negligently designed and manufactured the CSST because it was not capable of withstanding foreseeable field installation conditions. Plaintiff also alleges that Thomas Oil Company negligently failed to electrically ground the CSST during installation. The Plaintiff further alleges that Thomas Oil Company breached its contract and warranty for the installation of the CSST.

**By Defendant Titeflex Corporation:**

Titeflex Corporation ("Titeflex") is a Connecticut corporation that manufactures corrugated stainless steel tubing ("CSST") for use in residential gas distribution systems. Sometime in June of 2009, individuals insured by the Plaintiff hired co-defendant Thomas Oil Company ("Thomas Oil") to install a propane tank at their home (the "Subject Home"). Thomas Oil allegedly installed CSST manufactured by Titeflex. Under the applicable code and manufacturer

instructions, Thomas Oil was required to bond and ground the electrical and plumbing systems for this gas distribution piping in the Subject Home.  Titeflex did not have any involvement with this installation.

Allegedly, on August 21, 2009, lightning struck at or near the Subject Home.  Allegedly, the energy from this lightning strike somehow migrated to the Subject Home's natural gas system, perforated its CSST, released natural gas, ignited the gas, caused a fire, and "substantially damaged" the Subject Home and personal property.  The insureds of the Plaintiff Insurance Company requested that it pay them for this unspecified damage, and the Plaintiff paid them.  Now, the Plaintiff Insurance Company has brought this civil action as subrogee of its insureds in order to recoup the money it paid them under their insurance contract.

Plaintiff generally alleges that Titeflex negligently designed and manufactured the CSST and failed to warn its insureds and installers of the CSST of the substantial risk of fire or similar perils.  Titeflex denies these allegations.  Titeflex acted with reasonable care in the design and manufacture of the CSST.  The products and components allegedly designed and manufactured by Titeflex were state of the art on the dates of their design and manufacture.  In addition, Titeflex provided numerous written warnings regarding the potential risk posed from lightning strikes on its packaging, fittings, design and installation guide, and

technical bulletins.  These warnings included information on how the CSST is to be installed and maintained in order to avoid the potential risks associated with lightning strikes.

Titeflex did not install the gas piping system or its component parts in the Allens' home.  If any negligence occurred or defect existed in connection with the flexible gas delivery system, such alleged defect or negligence was the result of the improper installation of the flexible gas delivery system and/or its component parts for which Titeflex is not liable.

**By Defendant Thomas Oil Company:**

Thomas Oil installed CSST piping at the home of Plaintiff's insured in accordance with industry standards. On August 21, 2009, Plaintiff's insured sustained some degree of property damage in connection with an apparent lightning strike at or near the home. Thomas Oil has not had sufficient opportunity to investigate Plaintiff's claims but expects further facts and information to be revealed as discovery progresses.

(c) The legal issues to be tried are as follows:

**By the Plaintiff:**

1. Whether Defendant Titeflex negligently designed and developed the CSST product installed in the Allen home.

2. Whether Defendant Titeflex negligently manufactured the CSST product installed in the Allen home.

3. Whether Defendant Titeflex negligently marketed the CSST product installed in the Allen home.

4. Whether Defendant Thomas Oil Company negligently installed the CSST in the Allen home.

5. Whether Defendant Thomas Oil Company breached its contract to install the CSST in the Allen home.

6. Whether Defendant Thomas Oil Company breached its warranty for the installation of the CSST at the Allen home.

7. The damages sustained by Plaintiff and its insured as a result of the negligence of Defendant Titeflex Corporation and the negligence, breach of contract, and breach of warranty by Thomas Oil Company.

**By Defendant Titeflex Corporation:**

1. Whether Plaintiff has standing to bring the claims it has alleged on behalf of its insureds;

2. Whether a product defect exists;

3. Whether a viable negligence claim against Titeflex exists;

4. Whether Titeflex negligently designed the CSST allegedly installed in

the Subject Home;

5. Whether Titeflex negligently manufactured the CSST allegedly installed in the Subject Home;

6. Whether Titeflex failed to warn Plaintiff's insureds or their installers of known risks with the CSST;

7. Whether the CSST was negligently installed in the Subject Home;

8. Whether Plaintiff's alleged damages, if any, were the proximate result of any alleged act or failure to act of Titeflex;

9. Whether superseding and intervening acts on the part of persons or entities other than Titeflex were the sole proximate cause of Plaintiff's alleged injuries and damages;

10. Whether any alleged defect with the CSST was the result of its improper installation and/or the installation of its component parts;

11. Whether the CSST allegedly installed in the Subject Home was subject to product abuse, product misuse and/or product modification and alteration;

12. Whether Plaintiff or its insureds contributed to its alleged damages; and

13. Whether the alleged liability and alleged damages should be

apportioned among the parties;

**By Defendant Thomas Oil Company:**

1.\tWhether Plaintiff's insured exercised reasonable care in the use and maintenance of the CSST system and all associated appliances and components;

2.\tThe proximate cause and origin of the fire and all alleged damages;

3.\tWhether Plaintiff and/or its insured properly mitigated any damages; and

4.\tThe extent to which any payments made by Plaintiff exceeded the requirements under the Policy with its insured.

(d)\tThe cases listed below (include both style and action number) are:

(1)\tPending Related Cases:  None

(2)\tPreviously Adjudicated Cases:       None

**2.\tThis case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_(1)\tUnusually large number of parties
\_\_\_\_\_(2)\tUnusually large number of claims or defenses
\_\_\_\_\_(3)\tFactual issues are exceptionally complex
\_\_\_\_\_(4)\tGreater than normal volume of evidence
\_\_X\_ (5)\tExtended discovery period is needed
\_\_\_\_\_ (6)\tProblems locating or preserving evidence
\_\_\_\_\_ (7)\tPending parallel investigations or action by government
\_\_X\_\_ (8)\tMultiple use of experts
\_\_\_\_\_ (9)\tNeed for discovery outside United States boundaries
\_\_X\_ (10)\tExistence of highly technical issues and proof

3.  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

David M. Bessho
Cozen O'Connor
303 Peachtree Street, NE
2200 SunTrust Plaza
Atlanta, Georgia 30308
(404) 572-2000

**Defendant Titeflex:**

Philippa V. Ellis
Owen, Gleaton, Egan, Jones & Sweeney, LLP
1180 Peachtree Street, N.E, Suite 3000
Atlanta, GA 30309

**Defendant Thomas Oil Company:**

Thomas D. Martin
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, NE, Suite 300
Atlanta, GA 30309

4.  **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

____Yes __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**None.**

(b) The following persons are improperly joined as parties:

**None**.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

(a) **The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

(b) **The parties agree that the Plaintiff shall disclose its experts(s) by November 19, 2013 and that Defendant shall complete the deposition of Plaintiff's expert and disclose its expert(s) by December 19, 2013. All parties shall disclose any rebuttal experts by January 20, 2014.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time, but reserve the right to request one in the future as might be needed.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties do currently believe that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery due to the multiple use of experts due to the multiple use of experts and highly technical issues of proof.  The parties are requesting an eight month discovery period.**

LEGAL\16842857\1

11. **Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**The discovery period in this case shall last for a total of 8 months and will expire on March 19, 2014.**

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties do not anticipate the need for any such additional orders at this time.**

13. **Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 28, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**
Lead counsel (signature):   s/David M. Bessho
                            David M. Bessho

Other participants:         Karen D. Fultz

**For Defendant Titeflex:**
Lead counsel (signature):   s/ Philippa V. Ellis
                            Philippa V. Ellis

Other participants:         Amber Crystal
                            Adam P. Ford

**For Defendant Thomas Oil:**
Lead counsel (signature):	s/Thomas D. Martin
	Thomas D. Martin

Other participants:	Arthur R. York


(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)	A possibility of settlement before discovery.
(__X__)	A possibility of settlement after discovery.
(_____)	A possibility of settlement, but a conference with the judge is needed.
(_____)	No possibility of settlement.

(c)  Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, in accordance with L.R. 16.3.

(d)  The following specific problems have created a hindrance to settlement of this case.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)  The parties (__X___) do not consent to having this case tried before a magistrate judge of this court.

| | |
|---|---|
| *s/ David M. Bessho* | *s/ Thomas D. Martin* |
| David Bessho | Thomas D. Martin |
| Georgia Bar No. 055784 | Georgia Bar No. 475535 |
| Cozen O'Connor | Arthur R. York |
| 303 Peachtree Street, NE | Georgia Bar No. 204065 |
| 2200 SunTrust Plaza | Swift, Currie, McGhee & Hiers |
| Atlanta, Georgia  30308 | 1355 Peachtree Street, NE, Suite 300 |
| (404) 572-2000 | Atlanta, GA 30309 |
| Counsel for Plaintiff | Counsel for Defendant Thomas Oil |

*s/ Philippa V. Ellis*
Philippa V. Ellis
Georgia Bar No. 711715
Owen, Gleaton, Egan, Jones &
Sweeney, LLP
1180 Peachtree Street, N.E, Suite 3000
Atlanta, GA 30309
Counsel for Defendant Titeflex

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COUNTRY MUTUAL. INS. COMPANY, )<br>a/s/o Jimmy and Brenda Allen, )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>TITEFLEX CORPORATION, and )<br>THOMAS OIL COMPANY, )<br> )<br>      Defendants. )<br>_____ ) | CIVIL ACTION NO.<br>2:13-CV-00108-RWS<br><br>**JURY TRIAL DEMANDED** |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by Plaintiff and Defendant, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set forth in the parties' Joint Preliminary Report and Discovery Plan, and as otherwise set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SO ORDERED**, this ____ day of _____, 2013.

_____
The Honorable
Judge, United States District Court

LEGAL\16842857\1